UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM V. WILLIAMS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-00450

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' full consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB").[1] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 6), and the record as a whole.[2]

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 404.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

## I.

### A. Procedural History

Plaintiff filed an application DIB asserting disability as of August 16, 2013 as a result of a number of impairments including, *inter alia*, lumbar stenosis, cervical fusion residuals, and exogenous obesity. PageID 60.

After initial denials of his applications, Plaintiff received a hearing before ALJ James Knapp on May 16, 2014. PageID 72-91. The ALJ issued a written decision on July 17, 2014 finding Plaintiff not disabled. PageID 57-68. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform sedentary work,[3] "there are jobs in that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 61.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 45. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 57-68. Plaintiff, in his Statement of Errors, also summarizes the evidence of record. Doc. 8 at PageID 463-67. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence and presents no objection to Plaintiff's

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

summary. Doc. 9 at PageID 481. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine whether (1) the ALJ's non-disability finding is supported by substantial evidence, and (2) the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

The court must perform the first judicial inquiry with the understanding that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability Defined"**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job, and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff argues that the ALJ failed to: (1) appropriately weigh the opinion of his treating orthopedic surgeon, Scott West, D.O.; and (2) find him credible. Doc. 8 at PageID 460. Finding Plaintiff's first alleged error to be well taken, the undersigned does not address the merits of Plaintiff's remaining claim.[4]

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

Treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." 20 C.F.R. § 404.1527(c)(2). A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still

---

[4] Nevertheless, on remand, the undersigned directs that the ALJ assess Plaintiff's credibility anew following a meaningful explanation of the weight accorded to the medical source opinions.

determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

Dr. West, Plaintiff's orthopedic surgeon, began seeing Plaintiff in February of 2009. PageID 255-330. He completed a "Functional Residual Capacity Assessment Questionnaire" on April 18, 2014, in which he opined as to the severity of Plaintiff's impairments and the extent to which they limit his functioning. PageID 397-403. With respect to his functional limitations, Dr. West found that Plaintiff could not walk a city block without having to sit or experience severe pain; he could sit for more than two hours at a time before having to stand up; he could stand for 5-10 minutes at a time; and, if he were to sit, stand and walk during an 8-hour workday, the maximum time he could perform all three activities in combination is less than two hours total. *Id.* Dr. West responded "N/A" - - "unable to work," when asked whether Plaintiff would require a job permitting shifting positions from sitting to standing at will, whether he would require unscheduled breaks, and whether his feet would need to be elevated at work. *Id.* With respect to lifting, Dr. West opined Plaintiff could occasionally lift less than ten pounds, rarely lift ten pounds, and never lift 20 pounds or more. *Id.* With respect to his neck, the doctor indicated Plaintiff could frequently look down, and could turn his head left and right in addition to looking up, but could only occasionally hold his head in a static position. *Id.*

The treatment notes submitted with Dr. West's questionnaire, dated April 18, 2014, demonstrate that Plaintiff presented to Dr. West's office with a chief complaint of back pain. PageID 447. Specifically, Plaintiff complained of pain involving his lower back with radiation into his buttocks bilaterally, and occasionally into his right leg. *Id* at 448. Dr. West noted that Plaintiff indicated the pain worsens with standing or walking, and improves with sitting and lying. *Id.* As for the physical examination, Dr. West noted the following: mild palpable tenderness in Plaintiff's lower lumbar region; flexion limited to 60 degrees; side bending limited to 15 degrees bilaterally; pain with standing erect; negative straight leg raising test; and "1/4"

patella and Achilles reflexes. *Id.* at 449. Dr. West then recommended that Plaintiff have an MRI and X-ray of his lumbar spine, and for Plaintiff to follow-up once the results are received. *Id*.

In weighing Dr. West's opinion, the ALJ found it lacked "supportability" from the record and was entitled to "no weight." PageID 62. Specifically, the ALJ found the following:

> In this case, Dr. West's opinions are inconsistent, both internally (see, e.g., claimant can sit for more than two hours at one time (Exhibit 6F, page 2), but can only sit for less than 2 hours total in an 8 hour workday (Exhibit 6F, page 3), as well as with his own clinical observations, the claimant's testimony that he retains greater functional abilities than Dr. West asserts, and also other substantial evidence in the record (*see, e.g.*, Exhibits IA, 3A, 3F, 5F). His opinions are considered, but not assigned great weight. Dr. West stated claimant would be absent frequently, but there is no support for such a conclusion based on claimant's recent behavior or the severity of the objective medical evidence.
>
> . . .
>
> Returning to Dr. West, there is no evidence that he has had significant contact with the claimant since the back surgery, or that he has done any form of physical examination or relied on the examination findings of others. I thus find that I am unable to give his opinions controlling or deferential weight under the Regulatory criteria set forth above.

PageID 62, 64. The Court agrees with Plaintiff that the ALJ erred in assessing the weight to be reasonably accorded to Dr. West's opinion.

First, the ALJ's finding, that Dr. West's opinion was internally inconsistent based on his conflicting answers in his April 18, 2014 "Functional Residual Capacity Assessment Questionnaire," is unsupported by substantial evidence. PageID 62. The undersigned finds that the ALJ misread Dr. West's answers on the questionnaire as inconsistent. Question 15.b asked for the maximum amount of time a patient could sit at one time before needing to get up, to which Dr. West responded Plaintiff could sit for more than two hours. PageID 442. Question 15.d asked for the maximum amount of time a patient could sit at one time in an eight hour work

day with normal breaks, to which Dr. West responded that Plaintiff would be able to sit less than two hours. Question 15.d asked Dr. West how long Plaintiff could sit in total when considering the impact that the combination of sitting, standing, and walking during an eight hour workday would have upon Plaintiff. *Id.* Dr. West found that if Plaintiff had to stand and walk at his job, the length for which he could sit at one time would be affected. *Id.* Therefore, the undersigned finds the ALJ's reasoning in this regard unsupported by substantial evidence.

Second, the ALJ found that Dr. West's opinion was unsupported by his own clinical observations. PageID 62. In reaching this conclusion, the ALJ ignored Dr. West's findings on physical examination of Plaintiff. For example, on April 18, 2014, Dr. West observed mild palpable tenderness in Plaintiff's lower lumbar region, flexion limited to 60 degrees, side bending limited to 15 degrees bilaterally, pain with standing erect, and "1/4" patella and Achilles reflexes. *Id.* at 449. An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position."[6] *Daniel v. Comm'r of Soc. Sec.*, No. 3:14-cv-51, 2015 WL 4550406, at *4 (S.D. Ohio Mar. 6, 2015).

Third, the ALJ erroneously found Dr. West's opinion inconsistent with other substantial evidence in the record. PageID 62. In support of this claim, the ALJ cited broadly to two State Agency record reviewers, as well as treatment notes from Plaintiff's family physician and cardiologist. *Id.* In regards to the ALJ's finding -- that Dr. West's opinion was inconsistent with the opinions of record reviewing physicians Edmond Gardner, M.D., and Linda Hall, M.D. -- the undersigned notes that any such conflict cannot amount to substantial evidence upon which to deny Dr. West's opinion controlling weight. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F. 3d

---

[6] Dr. West's findings concerning Plaintiff's limitations were further supported by the MRI he ordered on April 18, 2014, the day he filled out his Functional Residual Capacity Assessment Questionnaire for Plaintiff. Reviewing the results of Plaintiff's lumbar spine MRI dates April 30, 2014, Dr. West found severe spinal stenosis at the L3-4 level status post fusion L4-5. PageID 456.

9

365, 377 (6th Cir. 2015) (holding that "conflicting substantial evidence must consist of more than the medical opinions of the nontreating and nonexaming doctors" because "[o]therwise the treating-physician rule would have no practical force").

With respect to the treatment records from the other treating physicians, the ALJ failed to identify with any specificity how he found these treatment notes in conflict with Dr. West's opinion. An ALJ has a duty to meaningfully articulate the reasons why he or she has credited or rejected particular sources of evidence. *See Gayheart,* 710 F.3d at 376-78; *accord McHugh v. Astrue,* No. 1:10-cv-734, 2011 WL 6130824, at *4 (S.D. Ohio Nov. 15, 2011) (holding that as a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion). Therefore, the ALJ's reasoning in this regard is found unsupported by substantial evidence.

Fourth, the ALJ's finding -- that Dr. West has had no "significant contact" with Plaintiff since his back surgery; and that he has not performed a physical examination on Plaintiff, or relied on the examination findings of others -- is also unsupported by the record. PageID 64. It appears that the ALJ is referencing Plaintiff's 2010 L4-5 lumbar fusion. *See* PageID 304. While it is unclear what exactly the ALJ meant by "significant," Dr. West met with Plaintiff on five separate occasions between January 2013 and May 2014. PageID 302, 304, 432, 445, 448, 451. The record demonstrates that Dr. West performed a physical examination of Plaintiff on January 30, 2013; September 11, 2013; and April 18, 2014. PageID 304, 448, 451.

Finally, Dr. West did indeed rely on the examination findings of others. Dr. West relied on the results from an MRI of Plaintiff's lumbar spine performed by Ronald J. Fadell, M.D. on April 30, 2014. Based on Plaintiff's MRI results, Dr. West recommended that Plaintiff undergo

10

an additional spinal fusion surgery. PageID 451. Accordingly, the undersigned finds the ALJ's findings in this regard unsupported by substantial evidence.

In conclusion, the undersigned finds the ALJ's controlling weight analysis of Dr. West unsupported by substantial evidence.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming and, therefore, a remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the foregoing findings.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**:

1. The Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**;

2. This matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case is **CLOSED**.

Date: 8/17/2017　　　　　　　　　　　　　s/ Michael J. Newman
　　　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge